UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSHUA HARDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NISOURCE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:22-cv-00322-PPS-JEM<br>)<br>)<br>)<br>)<br>) |

**NISOURCE INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER**

Plaintiff Joshua Hardy's ("Hardy") Opposition to Defendant NiSource Inc.'s ("NiSource") Motion to Transfer fails for two reasons.

***First***, transfer is plainly required under the Federal Arbitration Act ("FAA"). Hardy fails to cite binding case law on transfer. Instead, Hardy relies on out-of-context quotes from motions to compel arbitration, out of circuit case law, and misstated holdings. The Seventh Circuit's *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer* decision requires Hardy's challenges to arbitration be heard in the Northern District of Oklahoma. *See* 49 F.3d 323, 327 (7th Cir. 1995).

***Second***, Cypress' bankruptcy proceedings do not affect this result. That is because Hardy's agreement to arbitrate is not an executory contract. Furthermore, even if it were an executory contract, Cypress' rejection of the contract in bankruptcy does not rescind the contract or relieve Hardy of his obligation to arbitrate.

Accordingly, this Court should grant NiSource's motion and transfer this case to the Northern District of Oklahoma.

I.  ARGUMENT

    A.  **Transfer Is Required Prior To Determining Enforceability**

NiSource filed a motion to transfer, not a motion to compel arbitration. NiSource's motion to transfer is a necessary predicate to compelling arbitration because under Section 4 of the FAA, this Court lacks authority to determine that arbitration motion.

Failing to appreciate this distinction; nearly all of the cases Hardy cites in his opposition brief do not discuss transfer under the jurisdictional mandate in Section 4. Rather, Hardy proffers out of context quotations from cases determining whether arbitration ultimately should be compelled. *See CCC Info. Servs., Inc. v. Tractable Inc.*, No. 18 C 7246, 2019 WL 2011092, at *2 (N.D. Ill. May 7, 2019) (denying motion to compel arbitration where the defendant entered the contract under a false name), *aff'd sub nom*, 36 F.4th 721 (7th Cir. 2022); *O'Connor v. Ford Motor Co.*, No. 19-CV-5045, 2023 WL 130522, at *5-6 (N.D. Ill. Jan. 9, 2023) (granting motions to compel arbitration brought by defendant's affiliates under New Jersey, Texas, and Pennsylvania law but denying motions to compel arbitration brought by the defendant's affiliates under Massachusetts law); *Auto-Owners Ins. Co. v. Pletcher*, No. 3:18-CV-949 JD, 2019 WL 1930231, at *1 (N.D. Ind. May 1, 2019) (granting motion to compel arbitration of claims against insurance company defendant but denying motion to compel arbitration of claims against that company's employees); *DeGroff v. MascoTech Forming Techs.-Fort Wayne, Inc.*, 179 F. Supp. 2d 896 (N.D. Ind. 2001) (granting motion to compel arbitration where plaintiff asserted the contract was one of adhesion and unconscionable). Whether Hardy's arbitration agreement appropriately delegated arbitrability questions to the arbitrator, allows NiSource to compel arbitration as a third-party

beneficiary, or survives other defenses to arbitration such as unconscionability are for the Northern District of Oklahoma to decide following transfer.[1]

The Seventh Circuit confirmed this in *Lauer*, explaining that Section 4 of the FAA "clearly requires a geographic link between the site of the arbitration and the district which, by compelling arbitration or directing its scope, exercises preliminary control." 49 F.3d at 327 (emphasis added). Setting aside decisions about arbitrability (such as the scope of any arbitration to be compelled) for the court with the power to issue the arbitration order "streamlin[es] the path toward arbitration and prevent[s] scattershot attacks in various judicial fora." *Id.* at 329. Put differently, in contrast to post-arbitration litigation, "pre-arbitration litigation is intended to lead directly to, and to focus on, the future arbitration proceeding. It is a path that should narrow, not widen, as the arbitration draws nearer." *Id.* at 330. This procedure, moreover, does not leave "[the party challenging arbitration] without an outlet to challenge what they contend are improper attempts by [the party seeking arbitration] to arbitrate nonarbitrable disputes; it merely leaves the decision on those challenges [to the specified court]." *Id.* at 330.

Other district courts in the Seventh Circuit have concurred that, contrary to Hardy's contrived assertions and supposed distinctions of *Lauer* otherwise, enforceability questions are for the court in the district where arbitration agreed to be held.[2] In *Daniels v. Painter*, No. 15-CV-

---

[1] Thus, NiSource does not waive these issues as Hardy implies. (Dkt. 19 at 4.) But, for good measure, NiSource is a third-party beneficiary with whom Hardy expressly agreed to arbitrate. Hardy's October 2021 Employment Agreement—which Hardy concedes is the controlling agreement in this case (Dkt. 19 at 1 n.1)—provides that Cypress' customers such as NiSource are third-party beneficiaries of the agreement, and that arbitration is required for claims where those customers such as NiSource are named as the defendant. (Dkt. 16-1 at 18-19, ¶¶ 3-4.) Because NiSource is a third-party beneficiary of Hardy's employment agreement, and Hardy agreed to arbitrate his claims against it, Hardy's sideshow on enforceability is, at the end of the day, a disingenuous red herring.

[2] Hardy takes issue with the fact that *Lauer* did not involve a third-party beneficiary enforcing an arbitration agreement. (Dkt. 19 at 9.) This is surprising as earlier in his brief, he

1334, 2016 WL 3034246 (E.D. Wis. May 27, 2016), the plaintiffs expressly challenged the scope of the arbitration clause in the parties' agreement and argued that it was unenforceable as applied to the claims at issue in the case. *Id.* at *5. Yet the court in *Daniels* still transferred the case to the Central District of California, where the arbitration was contractually bound to occur, for that court to determine whether the arbitration agreement was enforceable. *Id.* at *5. Similarly here, the Court should transfer the case to the Northern District of Oklahoma to evaluate Hardy's enforceability challenges.³

Hardy brushes aside *Gundrum v. Cleveland Integrity Servs., Inc.*, No. 16-CV-369-WMC, 2017 WL 414491 (W.D. Wis. Jan. 31, 2017) in a footnote. That was a curious choice; *Gundrum* is directly on point. The plaintiffs there similarly tried to argue that *Lauer* and *Daniels* were distinguishable because the parties in those cases did not dispute the validity of the forum selection clauses. *Id.* at *2. The court declined to accept that argument and found that the dispute over the scope and enforceability of the parties' arbitration agreement "bring this case in line with *Lauer*" regardless of whether the forum selection clause was also challenged. *Id.* at *4. Accordingly, the court transferred the case to the Northern District of Oklahoma, where arbitration was contractually bound to occur. *Id.* at *6. So too here.

---

reminds the court that third party beneficiaries have the same rights as the contracting parties. *Id.* at 5. Regardless, *Lauer* makes clear that the Northern District of Oklahoma is perfectly able to address whether NiSource can compel arbitration as a third-party beneficiary. *Lauer* also makes clear that it does not matter if there were "extensive prehearing activities prior to the initiation of the lawsuit" (Dkt. 19 at 9) as Hardy claims. *Lauer*, 49 F.3d at 327 ("[T]his Circuit has concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration."); *see also Daniels*, 2016 WL 3034246, at *5 (transferring pursuant to § 4 at onset of litigation); *Gundrum*, 2017 WL 414491 at *6 (same).

³ Notably, *Daniels* does not discuss at all whether the result turned on the defendant's decision to file separate lawsuit in the Central District of California seeking arbitration after the plaintiff filed in the Eastern District of Wisconsin. Hardy's request to establish that rule should be ignored where in *Gundrum* a second lawsuit was not filed.

Only the Northern District of Oklahoma has the power to compel arbitration or rule on the enforceability of the arbitration agreement. Hardy fails to cite a single case that is binding on this Court stating differently.[4] This Court should adhere to the Seventh Circuit's binding precedent in *Lauer* and transfer this case to the Northern District of Oklahoma, the proper forum for Hardy's challenges to arbitrability.

**B.     Cypress' Bankruptcy Is Irrelevant**

Hardy's second argument is that Cypress' bankruptcy changes the mandate from the Seventh Circuit to transfer this case. Not so. Cypress' bankruptcy is irrelevant to the arbitration agreement's enforceability, two-fold. ***First***, Hardy's employment agreement is not an executory contract as Hardy claims in his opposition brief. ***Second***, even if it were such a contract, Cypress' rejection of the contract in bankruptcy does not rescind the contract or relieve Hardy of his obligation to arbitrate.

1.     <u>Hardy's employment agreement is not an executory contract.</u>

Hardy asserts that Cypress' bankruptcy "impact[s] his employment agreement with Cypress and precludes the enforcement that NiSource seeks." Hardy's proposition is misplaced, as there is no impact because the employment agreement is not an executory contract.

During bankruptcy proceedings, a trustee may choose to assume or reject any of the debtor's executory contracts. 11 U.S.C. § 365(a). Assumption requires the trustee to continue

---

[4] For example, *Textile Unlimited, Inc. v. A..BMH and Co., Inc.,* 240 F.3d 781, 785-786 (9th Cir. 2001) addressed Section 4 in relation to a motion to enjoin arbitration, not compel arbitration, and took a narrow view on the mandatory language in Section 4. Likewise, *Maronian v. Am. Commc'ncs Network, Inc.*, No. 07-CV-6314(CJS), 2008 WL 141753, at *6 (W.D.N.Y. Jan. 14, 2008) determined that Section 4 should be permissively construed. The Seventh Circuit rejects that approach. Hardy's only case from this Circuit is also inapposite. In *Bahoord v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091 (N.D. Ill. 2015), the defendant brought a motion to compel arbitration instead of a motion to transfer.

performing under the contract, while rejection constitutes a breach of the contract. *Id.* at § 365(g)(1). Non-executory contracts, on the other hand, cannot be assumed or rejected. They survive bankruptcy and bind the trustee to continued performance. *See Matter of Chicago, R. I. & P. R. Co.*, 604 F.2d 1002, 1004 (7th Cir. 1979) (denying rejection of non-executory contract).

An executory contract is one where "significant unperformed obligations remain on both sides." *Dick ex rel. Amended Hilbert Residence Maint. Tr. v. Conseco, Inc.*, 458 F.3d 573, 577 (7th Cir. 2006) (quoting *In re Streets & Beard Farm P'ship*, 882 F.2d 233, 235 (7th Cir. 1989)). The Seventh Circuit has interpreted this to encompass only contracts where "each party is burdened with obligations which if not performed would amount to a material breach." *Id.* at 578 (finding that a former employee could not materially breach his employment agreement when no longer employed and thus it was not an executory contract for bankruptcy purposes).

Applying the analysis to employment contracts, an employment contract is an executory contract while the employee is performing work for the employer, but ceases to be an executory contract when the employment relationship ends as the former employee can no longer materially breach. *See id.*; *In re Hawes*, 73 B.R. 584, 586 (Bankr. E.D. Wis. 1987) (finding employment contract is not an executory contract when the employee is no longer performing services for the employer and determining bankruptcy did not impact the question of whether the restrictive covenants in the employment contract were enforceable). Moreover, arbitration agreements in non-executory contracts are enforceable post-bankruptcy. *Mines v. Galaxy Int'l Purchasing, LLC*, No. 1:17-CV-04746-RLY-DLP, 2019 WL 1318277, at *13 (S.D. Ind. Mar. 6, 2019) (granting motion to compel arbitration in class action lawsuit because arbitration agreement was not an executory contract), *report and recommendation adopted*, No. 1:17-CV-04746-RLY-DLP, 2019 WL 1317622 (S.D. Ind. Mar. 22, 2019)); *see also Hays & Co. v. Merrill Lynch, Pierce, Fenner &*

*Smith, Inc.*, 885 F.2d 1149, 1153-54 (3d Cir. 1989) (determining that pre-bankruptcy arbitration agreements in non-executory contracts binding).

Here, Hardy's most recent engagement with Cypress ended in January 2022. (Dkt. 16-1 at 3 ¶ 18.) Cypress filed for bankruptcy on May 8, 2022, several months after Hardy's Employment Agreement ceased being an executory contract. (Dkt. 19-1 at 3; Doc. 19-5 at 2.) Hardy is still bound to the arbitration agreement within his employment agreement regardless of Cypress' bankruptcy because it is not an executory contract.

        2.    <u>Hardy's arbitration agreement survives bankruptcy even if his employment agreement is executory.</u>

Even if Hardy's employment agreement were an executory contract, the rejection in bankruptcy does not rescind the contract or void the arbitration agreement therein.

As the Supreme Court held in *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, a rejection of a contract in bankruptcy does not constitute a rescission of the contract, and all rights that would ordinarily survive a breach remain in force. 139 S. Ct. 1652, 1657-58 (2019). That includes any arbitration agreements governing the now-breached contract. *In re Paragon Offshore PLC*, 588 B.R. 735, 749 (Bankr. D. Del. 2018) (stating that "the Court cannot now erase the contractual obligations the parties have agreed to . . . at least as it relates to the Arbitration Provision" in a rejected executory contract); *In re Bateman*, 585 B.R. 618, 626 (Bankr. M.D. Fla. 2018) (finding that rejection does not void an arbitration agreement just as a normal breach would not terminate an arbitration agreement contained in the breached contract), *aff'd*, No. 8:14-BK-5369-RCT, 2019 WL 4644385 (M.D. Fla. Sept. 24, 2019).[5]

---

[5] Hardy's citation to *Bonzani v. Goshen Health Sys., Inc.* has no bearing on this case. In *Bonzani*, the plaintiff sought a declaratory judgment claiming his separation agreement was unenforceable due to a breach by his former employers. 459 F. Supp. 3d 1139, 1151 (N.D. Ind. 2020). That separation agreement did not even contain an arbitration clause. *Id.* at 1150. This

7

Here, assuming, *arguendo*, the employment agreement was an executory contract, rejection of Hardy's employment agreement does not excuse him from arbitration under that agreement. For example, parties who have contractually agreed to arbitrate are regularly bound to arbitrate breach of contract claims. *See, e.g.*, *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027 (7th Cir. 2012) (compelling arbitration of breach of contract claims); *Mengers v. Gulf Stream Coach Inc.*, 136 F. Supp. 3d 1006 (N.D. Ind. 2015) (same). Thus, Hardy's contention that a prior material breach invalidates an arbitration clause is illogical. "The central purpose of an arbitration provision is to resolve claims of breach of contract. If a party could avoid arbitration simply by arguing that the other party had breached the contract, few arbitration provisions would ever be enforced." *OCMC, Inc. v. Billing Concepts, Inc.*, No. 1:05-CV-1396-DFHTAB, 2006 WL 1234884, at *5 (S.D. Ind. May 3, 2006) (*citing Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)).[6]

Thus, regardless of whether or not Hardy's employment agreement is an executory contract, the arbitration agreement contained therein survives bankruptcy. By its terms, Hardy is

---

prior material breach principle only precludes enforcement of an arbitration agreement where the party seeking to compel arbitration has breached the *arbitration agreement itself* by refusing to arbitrate under its terms. *Murphy v. Indiana Fin. Co.*, No. 3:19-CV-270 RLM-MGG, 2020 WL 1452095 (N.D. Ind. Mar. 25, 2020) (finding that the defendant breached the arbitration agreement by refusing to arbitrate with the arbitrator plaintiff selected as allowed by the terms of the agreement, and thus the defendant could not seek to compel arbitration with its preferred arbitrator).

[6] The other cases Hardy cites are similarly distinguishable. Hardy's out of context quote aside, *Williams v. Kemper Corp.* actually *grants* a motion to compel arbitration (under Missouri law). No. 3:21-CV-1341-NJR, 2022 WL 2192864, at *4-5 (S.D. Ill. June 17, 2022). *In re Highland Cap. Mgmt., L.P.*, deals with an arbitration agreement in a limited partnership agreement, not an employment agreement under which performance was completed pre-bankruptcy petition. No. 19-34054-SGJ11, 2021 WL 5769320 (Bankr. N.D. Tex. Dec. 3, 2021). And, *Janvey v. Alguire*'s arbitration agreements were contained in promissory notes and other financial documents indicating continuing obligations on the part of both parties to the contracts, which are not comparable to Hardy's completed employment agreement. 847 F.3d 231, 237 (5th Cir. 2017).

bound to arbitrate his claims against NiSource.

## II. CONCLUSION

For the reasons stated above, this Court should grant NiSource's Motion to Transfer and issue an order transferring this case to the Northern District of Oklahoma.

Dated: February 10, 2023

Respectfully submitted,

*/ s / Bianca V. Black*
Bianca V. Black (#33701-53)

LITTLER MENDELSON, P.C.
111 Monument Circle, Suite 702
Indianapolis, IN  46204
Telephone: (317) 287-3600
Email: bblack@littler.com

Christopher Michalski (PA ID# 93236)
   (Pro Hac Vice To Be Filled)
cmichalski@littler.com

625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
412.201.7634

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2023, I filed a copy of the foregoing electronically using the Court's CM/ECF system, which will send notice of this filing to:

Douglas M. Werman
Maureen A. Salas
Werman Salas, PC
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com

Andrew W. Dunlap
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste 3050
Houston, TX 77046
Email: adunlap@mybackwages.com

Carl A. Fitz
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Ste 3050
Houston, TX 77046
Email: cfitz@mybackwages.com

*/s/ Bianca V. Black*
Bianca V. Black